IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| United States of America, | Criminal No. 4:98-385-CMC |
|---|---|
| vs. | **OPINION AND ORDER** |
| Ramirez Williams, Defendant. | |

Defendant seeks appointment of counsel to pursue relief under the First Step Act and various amendments to the Sentencing Guidelines. ECF No. 41. He is currently serving a revocation sentence from which he expects to be released on October 2, 2020. He contends his original sentence, which has been satisfied, should be amended as his conviction was for a "covered offense" under the First Step Act and is also eligible for recalculation based on Amendments 706, 750, and 782. He seeks to have over-served time on his original sentence applied to reduce his current revocation sentence, resulting in his immediate release. He bases his claim on the "unitary theory of sentencing," as discussed in *United States v. Venable*, 943 F.3d 187 (4th Cir. 2019) and the discussion of First Step Act eligibility for relief in *United States v. Wirsing*, 943 F.3d 175 (4th Cir. 2019).

Defendant was convicted by guilty plea of conspiracy to possess with intent to distribute cocaine base in 1998. He was sentenced to 210 months imprisonment followed by five years' supervised release. Pursuant to Fed. R. Crim. P. 35(b), his incarceration sentence was reduced to 72 months. He began his term of supervised release on July 23, 2003, and jurisdiction over his supervised release was transferred to the Northern District of Georgia pursuant to 18 U.S.C. § 3605 in September 2006 following his arrest on state charges of aggravated child molestation. He received a ten-year state sentence following his guilty plea to the child molestation charges.

In May 2009 his term of supervised release was revoked by United States District Judge Clarence Cooper, N.D. Ga., and he was sentenced to 60 months consecutive to his state sentence. He is now in federal custody serving the revocation sentence.

In December 2019 Defendant contacted his Federal Public Defender in Atlanta about pursuing relief and was advised he would need to file a First Step Act motion in the District of South Carolina because his case in the Northern District of Georgia was simply a supervised release revocation. He thereafter filed the current motion for appointment of counsel to pursue First Step Act relief.

## DISCUSSION

It appears Defendant's offense of conviction, conspiracy to possession with intent to distribute cocaine base in violation of 21 U.S.C. § 846, 841(a)(1), (b)(1)(A), is a "covered offense" under the First Step Act. Pub. L. 115-391, Title IV, § 404, Dec. 21, 2018, 132 Stat. 5222. Given that Defendant's revocation sentence is part of the penalty for his original offense, he is still serving a sentence for a "covered offense" for purposes of the First Step Act. Therefore, the court has the authority to consider his motion for a sentence reduction, just as if he were still serving the original custodial sentence. *Venable*, 943 F.3d at 194.

Nevertheless, although it appears Defendant is eligible for consideration of a sentence modification, the circumstances of this case compel the court to exercise its discretion and deny a reduction in Defendant's original sentence and the term of incarceration for violation of supervised release. *See* First Step Act, § 404(c) ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.").

While on supervised release Defendant violated the condition that he not commit another federal, state, or local crime: he pleaded guilty in Georgia state court to aggravated child molestation and enticing a child for indecent purposes, and received a 10-year sentence. A revocation action in the Northern District of Georgia resulted in a 60-month consecutive federal sentence, an upward variance. The United States Court of Appeals for the Eleventh Circuit affirmed based on the "egregious nature" of Defendant's offense. *United States v. Ramirez Williams*, No. 08-12549 (April 8, 2009).

Given these circumstances, the court exercises its discretion and declines to reduce Defendant's term of incarceration on his original or revocation sentences.[1]

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
February 12, 2020

---

[1] Defendant's motion for appointment of counsel is denied.